IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40620
Summary Calendar

_____


In The Matter Of:    MORNINGSIDE MOBILE HOME RV PARK

Debtor

BILL FRISBIE; BRIAN ALAN FRISBIE

Appellants

V.

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION; BANK OF
AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, as Trustee for
Certificateholders Under that Certain Pooling and Servicing Agreement Dated and Effective as of
September 1, 1992 Relating to the Commercial Mortgage Pass-Through Certificates, Series 1992-
C-2; EQ SERVICES INCORPORATED; BANK ONE MANAGEMENT & CONSULTING
CORPORATION; BANKERS TRUST COMPANY OF CALIFORNIA, NA, as Successor
Trustee to Bank of America National Trust and Savings Association as Trustee for Certificate
holders Under that Certain Pooling and Servicing Agreement Dated and Effective as of
September 1, 1992, Relating to the Commercial Mortgage Pass-Through Certificates, Series
1992-C-2; WILLIAM G WEST, JR

Appellees

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. M-00-CV-102
--------------------------------------------------------------
February 21, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellants Bill Frisbie and Brian Alan Frisbie (the "Frisbies") appeal from the district court's order, dismissing their appeal as moot. In the underlying appeal, the Frisbies sought review of one of the bankruptcy court's settlement orders (the "Settlement Order") in the action, a bankruptcy proceeding under Chapter 11 of Title 11 of the United States Code.

Pursuant to a settlement agreement between the parties (the "Settlement Agreement"), the bankruptcy judge provided for the following relief in the Settlement Order: (1) the automatic stay was modified to allow foreclosure on certain real and personal property (the "Property"); (2) the trustee was ordered to distribute all of the cash in the estate except for $175,000; (3) mutual releases were to be executed between the parties; and (4) the Frisbies were enjoined from bringing certain legal action.

In the underlying appeal, the Frisbies contended, in part, that the injunctive relief ordered by the bankruptcy court was broader than that sought in the parties' Motion to Approve Compromise and Settlement Agreement, i.e., they attacked the fourth prong of the Settlement Order. The Frisbies did not seek a stay of the Settlement Order, however, and subsequent to their filing a notice of appeal, the Property was foreclosed upon, the cash was distributed to the Trustee and disbursed and the parties executed mutual releases, i.e., the first three prongs of the Settlement Order were implemented.

In light of these events, the appellees filed the instant Motion to Dismiss Appeal, contending that the appeal had been rendered moot. The District Court agreed, concluding (via

---

[1]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adoption of United States Magistrate Judge Dorina Ramos' Report and Recommendation) that the appeal should be dismissed pursuant to the equitable mootness doctrine because the Frisbies failed to obtain a stay, the plan had been substantially consummated, and the relief requested by the Frisbies, a modification of the Settlement Order, would affect the success of the plan. See In re Manges, 29 F.3d 1034, 1039-43 (5th Cir.1994) (providing and applying the three equitable mootness elements applied here by the district court).

Although the fact findings by the district court should be accepted unless clearly erroneous, the ultimate decision that an appeal is equitably moot remains a legal determination to be reviewed de novo. In re GWI PCS 1 Inc., 230 F.3d 788, 799 (5th Cir. 2000). "The test for mootness reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy order adversely affecting him." In re Manges, 29 F.3d at 1039 (citation omitted).

The Frisbies concede that they failed to seek a stay and that the plan was substantially consummated, but they contend that the district court erred in concluding that the modification they seek would affect the success of the plan. We disagree. The Frisbies do not contend that the Settlement Agreement is an unessential element of the plan nor do they contend that the injunctive relief aspect of the Settlement Agreement is an unessential element of the agreement. In effect, they contend that an essential term of a settlement agreement can be unilaterally modified without affecting the agreement. This counterintuitive argument is unsupported by authority and contrary to the position of the some of the appellees, settling parties who assert that they would not have entered into the settlement agreement absent the broad injunctive relief ordered. Here, the appellees took various irreversible actions in reliance on the Settlement Order; it would be

inequitable to allow the Frisbies, who never sought a stay of that order, to attack its essential terms.  In summary, we conclude that because the relief sought would upset the settlement agreement and because the settlement agreement is essential to the plan, the relief sought will affect the success of the plan.  Accordingly, we AFFIRM.